UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM VALERIO,

               Petitioner,               **DECISION AND ORDER**
                                                                    No. 02-CV-903(RJA)(VEB)
      -vs-

WILLIAM PHILLIPS, Superintendent of
Green Haven Correctional Facility,

               Respondent.
_____

      Petitioner William Valerio ("Valerio" or "Petitioner"), acting *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on October 10, 1997, in New York State Supreme Court (Seneca County), on charges of criminal possession of a controlled substance in the first degree (N.Y. Penal Law § 220.20(1)). *See* Petition (Docket No. 1). In the Petition, when asked to list all of the grounds asserted for habeas relief, Valerio referred to an "Exhibit F". In Exhibit F, Valerio states under "Ground One" that appellate counsel was ineffective in failing to argue that (a) trial counsel was ineffective in failing to object to the admission of the seized drugs based on failure to establish the chain of custody, (b) trial counsel was ineffective in failing to object to the prosecution's failure to disclose certain *Rosario* material (*i.e.*, the sentencing minutes of accomplice Maurice Cox ("Cox") who pled guilty and agreed to testify at Valerio's trial), (c) trial counsel was ineffective in failing to request a jury instruction regarding the corroboration requirement concerning accomplice testimony, and (d) trial counsel was ineffective in failing to request that the jury be instructed "to not value the co-defendant's guilty plea when evaluating" Valerio's guilt. "Ground Two" in

-1-

Exhibit F states that "petitioner was denied effective assistance of trial counsel" and then elaborates on the underlying claims of ineffective assistance of trial counsel asserted in Ground One's claim of ineffective assistance of appellate counsel. Under "Ground Three" in Exhibit F, Valerio states that the "accumulative [sic] errors denied petitioner due process and a fair trial" and goes on to assert that the errors of trial counsel and appellate counsel, considered together, denied him of his Sixth Amendment right to effective representation at trial and on appeal. *See* Docket No. 1.

On or about May 1, 2003, Valerio filed a pleading titled Amended Petition (Docket No. 9) asserting one additional ground for relief–that the prosecutor knowingly suborned perjured testimony by Cox, the accomplice. On June 30, 2003, the Court (Foschio, M.J.) permitted Valerio to file the proposed Amended Petition (Docket No. 9). *See* Docket No. 13.  Respondent answered the Amended Petition and filed a memorandum of law in opposition on August 7, 2003.  *See* Docket Nos. 15, 16.

On or about October 15, 2003, Valerio filed another motion to amend in which he sought to add what appear to be exactly the same claims that he set forth in his Petition (Docket No. 1) and Amended Petition (Docket No. 9). *See* Petitioner's Second Motion to Amend ("Pet'r Second Mot. Amend.) (Docket Nos. 20, 21). On June 30, 2004, the Court (Foschio, M.J.) granted this motion and directed Valerio to file his Second Amended Petition by February 20, 2004. Valerio did so. *See* Docket No. 26.

By motion dated March 1, 2004, Valerio moved to stay the instant habeas proceeding so that he could exhaust two additional claims of ineffective assistance of trial counsel in a collateral motion to vacate the judgment pursuant to New York Criminal Procedure Law

("C.P.L.") § 440.10. *See* Petitioner's Motion to Stay (Docket No. 28). Respondent opposed this application. *See* Docket Nos. 30, 31. While awaiting decision on his stay motion, Valerio filed a C.P.L. § 440.10 Motion in Supreme Court of Seneca County, presumably for the purpose of exhausting the following claims asserted in the Second Amended Petition (Docket No. 26): trial counsel was ineffective because (1) counsel had a conflict of interest and (2) counsel "fail[ed] to properly and truthfully express and opinion as to whether the plea offer should be accepted or rejected; . . . [gave] erroneous advice to Valerio to reject the plea offer; [and] . . . communicat[ed] . . . erroneous information regarding Valerio's maximum sentence exposure." *See* Petitioner's C.P.L. § 440.10 Motion attached as Exhibit A to Respondent's Affirmation in Opposition to Amendment of Habeas Corpus Petition (Docket No. 39). In support of this motion, Valerio attached affidavits from his wife, Cheryl Valerio ("Mrs. Valerio"), and his sister, Cindy Valerio ("Cindy"). *See* Exhibit B to Respondent's Affirmation in Opposition to Amendment of Habeas Corpus Petition (Docket No. 39). The trial court (Bender, J.) denied the motion on the basis of C.P.L. § 440.10(3)(c). *See* Exhibit C to Respondent's Affirmation in Opposition to Amendment of Habeas Corpus Petition (Docket No. 39). Valerio sought leave to appeal the denial of this motion to the Appellate Division, Fourth Department, on June 23, 2004. *See* Exhibit D to Respondent's Affirmation in Opposition to Amendment of Habeas Corpus Petition (Docket No. 39). The Appellate Division denied leave to appeal on August 3, 2004. *See* Exhibit F to Respondent's Affirmation in Opposition to Amendment of Habeas Corpus Petition (Docket No. 39).

On September 27, 2004, the Court (Foschio, M.J.) dismissed Valerio's Motion to Stay as moot because he had exhausted the proposed ineffective assistance claims by means of the

C.P.L. § 440.10 motion, and ordered that the most recently filed amended petition would be treated as a Motion for Leave to File a Third Amended Petition. *See* Docket No. 35. Valerio thereafter filed a pleading titled "Proposed Amended Third Petition" (Docket No. 36), which appears to be the same as the Second Amended Petition (Docket No. 26), and a Memorandum of Law (Docket No. 37). The Proposed Amended Third Petition reiterated the claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and use of perjured testimony by the prosecution that Valerio had raised in his Petition (Docket No. 1) and Amended Petition (Docket No. 9). The only new claims included in the Proposed Third Amended Petition were the claims of ineffective assistance of trial counsel that Valerio had raised in the C.P.L. § 440.10 Motion. Thus, the only new claims sought to be added in the Proposed Third Amended Petition are that (1) trial counsel was ineffective because he operated under a conflict of interest and (2) trial counsel was ineffective assistance in that he failed to properly advise petitioner on whether to accept the prosecution's plea offer.

Respondent has opposed this most recent request by Valerio to amend his petition, arguing that leave to amend would be futile under Rule 15 of the Federal Rules of Civil Procedure because the claims are procedurally defaulted. Respondent also contends that Valerio's multiple requests to amend are improper and dilatory litigation tactics. In his reply papers, Valerio argues that his claims are not procedurally defaulted and that they properly "relate back" to the original claims for purposes of Rule 15.

Turning first to the issue of procedural default, Valerio argues that C.P.L. § 440.10(3)(c), relied upon by the C.P.L § 440.10 motion court to deny his new ineffective assistance claims, cannot constitute an independent and adequate state procedural bar because it is a discretionary

and not mandatory rule. Section 440.10(3)(c) provides that a court "may" deny a motion to vacate in each of the circumstances it identifies, and also provides that "in the interest of justice and for good cause shown" a court may exercise its discretion and grant a meritorious motion. C.P.L. § 440.10(3)(c).[1] The Court must agree, however, with respondent that Valerio's proposed ineffective assistance of trial counsel claims appear to be procedurally defaulted as a result of the state court's reliance upon Section 440.10(3)(c), which allows for the denial of a motion to vacate when the defendant could have raised the underlying ground or issue in previous motion to vacate under Section 440.10 but unjustifiably did not do so. *See Murden v. Artuz*, 497 F.3d 178, 192-94 (2d Cir. 2007) (holding that C.P.L. § 440.10(3)(c) was "adequate" state ground to serve as procedural bar to federal habeas review of merits of claim of ineffective assistance of counsel alleging that trial counsel should have had murder defendant evaluated by psychiatrist, given that state court referred explicitly to rule when dismissing claim, that state courts regularly applied rule to deny claims that could have but were not raised on previous motions to vacate, that defendant did not substantially comply with rule, and that enforcement of rule served legitimate governmental interests). A federal court is generally procedurally barred from considering a ruling that, as did the C.P.L. § 440.10 court's holding in Valerio's case, "'fairly

---

[1] Section 440.10(3)(c) provides as follows:

Notwithstanding the provisions of [C.P.L. § 440.10(1)], the court may deny a motion to vacate a judgment when:

(c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.

Although the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment.

N.Y. Crim. Proc. Law § 440.10(3)(c).

appeared to rest primarily on state procedural law.'" *Murden*, 497 F.3d at 191 (quoting *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir.2006) (citation omitted in original; alteration in original)). To obtain habeas review of these procedurally defaulted claims, Valerio must either demonstrate "'cause and prejudice for the procedural default,'" or that the "'constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense.'" *Murden,* 497 F.3d at194 (quoting *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (other citations omitted)).

Cause requires showing that the petitioner was impeded by some objective factor external to the defense, such as governmental interference or the reasonable unavailability of the factual basis for the claim. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). In addition, "actual prejudice" resulting from the errors is required. *See id.* Valerio has not attempted to demonstrate cause, prejudice, or factual innocence. In fact, as the C.P.L. § 440.10 court noted, there appears to be no reason why Valerio could not have raised the proposed ineffective assistance of trial counsel claims earlier: In 1999, five years before, he had filed a C.P.L. § 440.10 motion to vacate alleging other deficiencies in defense counsel's performance that occurred during trial. I find it significant that Valerio has not claimed that he was not aware earlier of the factual bases for his new ineffective assistance of counsel claims, which relate to counsel's advice, given pre-trial, regarding a plea offer and a conflict of interest that stemmed from the payment arrangements allegedly made with defense counsel. Notably absent from the affidavits from Valerio's wife and sister submitted in support of these claims of a conflict of interest and faulty plea advice are any specific dates of the alleged actions and omissions by defense counsel. As there appears to be no external factor that prevented from exhausting and asserting his proposed ineffective assistance

claims in a timely matter, Valerio cannot demonstrate cause for the procedural default and the claims are procedurally barred from further habeas review. Because *both* cause and prejudice must be demonstrated in order to overcome a procedural default, there is no need for consideration of whether "actual prejudice" will result since Valerio has failed to establish the requisite "cause." *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (adhering to the cause and prejudice test "in the conjunctive") (quotation omitted); *accord Femia v. United States*, 47 F.3d 519, 524 (2d Cir. 1995); *Sosa v. United States*, 2003 WL 1797885, *6 n.3 (S.D.N.Y. Apr. 3, 2003)). Consequently, Valerio's proposed ineffective assistance claims must be found to be procedurally defaulted, and permitting amendment of the petition to add them would be futile.

The Court now turns to the application of Rule 15 to Valerio's motion to amend. Section 2242 of the federal habeas statute states that a petition for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *accord Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). "Rule 11 of the Rules Governing 2254 Cases provides that '[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.'" *Fama*, 235 F.3d at 815. Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings in civil actions. 235 F.3d at 815; Fed. R. Civ. P. 15. The Second Circuit has held that, in habeas cases, "subsection (c) of Rule 15 [of the Federal Rules of Civil Procedure] governs motions to amend where (as here, given the AEDPA), the statute of limitations for the underlying cause of action has already run." *Id.* at 814-16.

Under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress

imposed a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). Valerio's Petition, filed on December 9, 2002, was deemed to be timely even though the petition was filed 131 days after AEDPA's statute of limitations expired because the Court (Skretny, D.J.) found that Valerio qualified for equitable tolling. *See* Docket No. 8. As Valerio's original petition was already over 100 days late when it was filed in December 2002, his most recent motion to amend clearly was filed long after the statute of limitations had run. Thus, the claims in the Proposed Third Amended Petition will be time-barred, unless such claims "relate back" to the date the initial petition was filed within the meaning of Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644 (2005); *accord Fama*, 235 F.3d at 816 (holding that "Rule 15(c) applies to § 2254 petitions" and stating that because the petitioner in that case had moved to amend his petition long after the one-year statute of limitations had run, he was required to show that his amended petition relates back in accordance with Rule 15(c)"); *Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) ("Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statue of limitations has expired. . . . Under Rule 15(c), an amendment is timely if it 'relates back' to the original habeas motion [under § 2255 or petition under § 2254.") (citations omitted).

Rule 15(c) provides in relevant part as follows: "An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).[2] In *Mayle v. Felix*, 125 S. Ct. at

---

[2] "The 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under Rule 8(a), which applies to ordinary civil proceedings, "a complaint need only provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, the Supreme Court

2562, the Supreme Court rejected the habeas petitioner's contention Rule 15(c)'s "conduct, transaction, or occurrence" standard should be interpreted broadly to mean the same "trial, conviction, or sentence." Instead, it adopted a narrower "time and type" analysis and held that an amended petition "does not relate back . . . when it asserts a new ground for relief supported by facts that differ in time and type from those the original pleading set forth." *Id.* at 649-50; *see also id.* at 657.

As the district court noted in *Veal v. United States*, No. 5122(MBM), 2007 WL 3146925 (S.D.N.Y. Oct. 9, 2007), even before the Supreme Court's decision in *Mayle*, "[v]arious Circuit Courts employed a similarly narrow approach to Rule 15(c) for habeas cases." *Id.* at *5 (citing *United States v. Hicks*, 283 F.3d 389, 388-89 (D.C. Cir. 2002); *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir. 2000); *Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir. 2000); *United States v. Pittman*, 209 F.3d 314, 317-18 (4th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)). The Second Circuit, however, in *Fama* (a pre-*Mayle* habeas case brought under 28 U.S.C. § 2254), applied the same Rule 15(c) standard used in ordinary civil cases and stated that the "pertinent inquiry, in [determining whether a claim arises from the same conduct, transaction, or occurrence] is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Fama*, 235 F.3d at 816 (citing *Wilson v. Fairchild Republic Co.*, 143 F.3d

---

has noted, the rules governing pleading in habeas corpus cases is "more demanding" since it provides that the original petition must "'specify all the grounds for relief available to the petitioner'" and "'state the facts supporting each ground.'" *Id.* (quoting Habeas Corpus Rule 2(c) and citing Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.") (internal quotation marks omitted in original)).

733, 738 (2d Cir.1998) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n. 3 (1984)).

Valerio points to *Subervi v. Stinson*, No. 97 CV 1295, 2003 WL 22462489, at *1 (E.D.N.Y. Oct. 10, 2003), in which the district court declined to apply Rule 15(c) and permitted a § 2254 habeas petitioner to pursue an otherwise time-barred claim that did not relate back to the original petition. Based on *Subervi*, Valerio argues that district courts are free to permit amendment of a habeas petition after the expiration of AEDPA's statute of limitations, even if the amended claims do not relate back to the claims contained in the original petition. However, the Court is not convinced that the Second Circuit considers the application of Rule 15(c)'s relation-back requirement to be optional in the habeas context. *See Fama*, 235 F.3d at 816 ("[I]n addition, although we hold that Rule 15(c) of the Federal Rules of Civil Procedure applies to [28 U.S.C.] § 2254 petitions, . . ."); *Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) ("Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after AEDPA's statue of limitations has expired. . . . Under Rule 15(c), an amendment is timely if it 'relates back' to the original habeas motion [under § 2255 or petition under § 2254.") (citations omitted); *accord Porter v. Greiner*, No. 00 CV 6047 SJ, 00 CV 7634 SJ, 2006 WL 2570952, at * 2 (E.D.N.Y. Sept. 5, 2006).

Therefore, the Court shall evaluate Valerio's newly alleged claims in the Proposed Third Amended Petition to determine whether they "relate back" to the Petition and Amended Petition. Whether I evaluate Valerio's motion to amend under the more lenient interpretation of "conduct, transaction, or occurrence" that existed pre-*Mayle*, when Valerio filed his original and amended petitions, or *Mayle*'s stricter standard, I conclude that the result is the same–relation back is not

in order.

Valerio asserts that his "two new claims 'related back' to the initial petition because they arose from the same operative facts as the claims pleaded in his initial petition." Petitioner's Reply to Respondent's Opposition to Amend Petitioner's Third Amended Habeas Petition at 10 (Docket No. 43). After reviewing the pleadings submitted, I disagree. Here, Valerio's original Petition (Docket No. 1) raised a number of different claims, including several based on the allegedly ineffective assistance provided by his trial counsel. Specifically, Valerio argued that his trial attorney was ineffective for (1) failing to request a jury instruction regarding accomplice testimony; (2) failing to request a jury instruction regarding his accomplice's earlier guilty plea; (3) failing to object to the admission of the seized drugs at trial on chain-of-custody grounds; and (4) failing to object to the prosecution's failure to disclose certain *Rosario* material. *See* Docket Nos. 1, 9. All of these ineffective assistance claims raised in the Petition (Docket No. 1) and Amended Petition (Docket No. 9) stemmed from alleged shortcomings of defense counsel that occurred *during* the trial itself. Valerio also argued that appellate counsel was ineffective in failing to raise the foregoing instances of ineffectiveness by trial counsel and that the prosecution knowingly suborned perjury from Valerio's accomplice.

In his Proposed Third Amended Petition, however, Valerio seeks to add two new claims of ineffective assistance of trial counsel, this time based on (1) an alleged conflict of interest that existed on trial counsel's part and (2) trial counsel's alleged failure to properly advise him about a plea offer. *See* Docket Nos. 26, 35, 36 & 37. In contrast to the claims raised in the Petition and Amended Petition, these two new claims of ineffective assistance are premised on acts and omissions that purportedly occurred *prior* to trial. For instance, Valerio's new claim that trial

counsel erroneously advised him regarding whether to plead guilty involves a completely different set of facts and occurred at a materially different point in the litigation process than his original ineffective assistance claims and the perjury claim. The new claims "delve into the realm of pre-trial negotiations" while the claims in the original Petition and Amended Petition "focused on decisions made by [defense counsel] as part of his strategy during the trial[.]" *Veal v. United States*, 2007 WL 3146925, at *6 (holding that petitioner's proposed amended claim that trial counsel was ineffective in failing to notify him of a plea offer did not "relate back" under Fed. R. Civ. P. 15(c) to petitioner's two original claims that trial counsel erroneously failed to move to dismiss certain counts of the indictment and failed to object to a particular jury instruction; finding that "[t]hese separate and distinct phases of the case were sufficiently different" to make them not arise out of the same "conduct or occurrence" and that the government could not have had "fair notice" of the new claims).

     Similarly, Valerio's other new claim that trial counsel had a conflict of interest is based on alleged actions by his attorney with regard to who was paying Valerio's attorney's fees. That claim is supported by the affidavits of his wife and his sister who state that Lemuel Jones ("Jones"), who owned the car Valerio was driving when he was arrested, actually was paying Valerio's defense counsel for Valerio's legal fees but defense counsel allegedly had the deposits made in Valerio's wife's and sister's names instead of Jones' name. Again, this claim has no facts in common with any of the ineffective assistance claims raised in the Petition and Amended Petition and did not occur during the criminal proceeding itself.

     Both of Valerio's two proposed new claims are wholly different from the originally pled claims with regard to their timing and their underlying factual circumstances, and, accordingly,

respondent could not have had "fair notice,"*Fama*, 235 F.3d at 815, of the newly alleged claims. *Accord*, *e.g.*, *Veal*, 2007 WL 2007 WL 3146925, at *5-6; *Porter v. Greiner*, 2006 WL 2570952, at * 2 (agreeing with conclusion that "nothing on the face of the original petition would have given Respondent fair notice of a prospective ineffective assistance claim based on the failure of appellate counsel to raise the issue of an allegedly erroneous jury charge" and therefore the newly alleged claim did not "relate back"). And, the claims of ineffective assistance which Valerio seeks to add are sufficiently separate and distinct from those claims originally pled that they cannot be said to arise out of the same "transaction, conduct, or occurrence" as that language has explained by the Supreme Court in *Mayle v. Felix*. *Accord Veal*, 2007 WL 3146925, at *6; *see also United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (petitioner's original petition alleged ineffective assistance of counsel because of his trial counsel's failure to pursue a downward departure at sentencing and his failure to object to the type of drugs at issue in his conviction and petitioner sought to amend his petition to add a claim for ineffective assistance for his counsel's failure to file an appeal on his behalf; the proposed amendment did not relate back to the original petition because the alleged deficiencies of representation were "distinctly separate" in both time and type from those alleged in the original petition). Because the claims in the Proposed Third Amended Petition do not "relate back" to the earlier Petition and Amended Petition for purposes of Rule 15(c), they are untimely under AEDPA's statute of limitations and are time-barred.

      Accordingly, the Court **DENIES** with prejudice Petitioner's motion to amend because the newly alleged claims in the Proposed Third Amended Petition are procedurally defaulted. In addition, the newly alleged claims do not "relate back" to the original Petition and Amended

Petition and are untimely under AEDPA.

    **IT IS SO ORDERED.**

                                                                             /s/ *Victor E. Bianchini*

                                                  _____
                                                      VICTOR E. BIANCHINI
                                                United States Magistrate Judge

Dated:      November 21, 2007
               Buffalo, New York.